UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00204-FDW

| WENDELL J. LE MAITRE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Wendell J. Le Maitre ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On December 15, 2023, he filed this action against the "United States of America Internal Revenue Service." [Doc. 1].

Plaintiff alleges as follows. The Coronavirus Aid, Relief, and Economic Act ("CARES Act") created a $1,200.00 tax credit authorized for distribution as an "Advance Refund"[1] of tax liability to eligible individuals. The Consolidated Appropriations Act of 2021 (the "CAA") and the American Rescue Plan Act ("ARPA") later authorized additional "Advance Refund" payments of $600.00 and $1,400.00. [Doc. 1 at 2-3]. Although Plaintiff was eligible to receive these Advance Refunds and filed the appropriate I.R.S. 1040 Forms, he did not receive them. [Id. at 3].

---

[1] Plaintiff uses the terms Advance Refund, Advance Payment, and Economic Impact Payment (EIP) interchangeably in his Complaint.

Beginning around May of 2021, Plaintiff began sending letters to various I.R.S. offices regarding his missing Advance Refunds. [Id. at 4]. On or around May 2022, Plaintiff sent two Taxpayer Statement Regarding Refund 3911 Forms regarding the missing Advance Refunds. [Id. at 5]. In June 2022, the I.R.S. sent Plaintiff a Verification Form, which Plaintiff completed and faxed back to the I.R.S. [Id. at 4-5]. On August 30, 2022, the I.R.S. responded, indicating that it had sent Plaintiff both Advance Refunds, one on July 30, 2021 for $1,814.56 and the other on August 6, 2021 for $1,400.00. [Id. at 4]. Plaintiff immediately responded to the I.R.S., informing them he had not received either check. [Id.].

On April 12, 2023, Plaintiff received a letter from the I.R.S. indicating that it had matched the signature from Plaintiff's 3911 Form to the signature on one or both of the Advance Refund checks and closed Plaintiff's case "due to that False allegations of [Plaintiff] receiving and merely[2] signed the Checks." [Id. at 5]. Plaintiff, however, never received the checks and never signed them. Moreover, pursuant to North Carolina Department of Adult Corrections policy, any checks received by inmates must be deposited in their prison trust fund accounts. [Id. at 6]. Plaintiff saw a copy of the $1,814.56 check and observed that the signature thereon was not his and that the address to which it was sent was an unknown and unauthorized address in Charlotte, North Carolina. [Id. at 7-8]. Plaintiff seeks to obtain a Form 14039 Identity Theft Affidavit to submit to the I.R.S. but has been unable to obtain one from friends or family and the I.R.S. refuses to send him one. [Id. at 8]. Plaintiff has "exhausted every Administrative Remedy, even continued to do so after the I.R.S. merely [*sic*] CLOSED the case[.]" [Id. at 9; see id. at 12-13].

On multiple occasions between May 2021 and 2023, prison officials "mistakenly or intentionally" handed Plaintiff's mail from the I.R.S. to offenders housed in cells next to Plaintiff's

---

[2] Plaintiff uses the word "merely" incorrectly throughout his Complaint. For Plaintiff's edification, "merely" means "nothing more than" or "only."

and, as such, Plaintiff's "confidential information," including his social security number, was disclosed to these offenders. [Id. at 11]. On multiple other occasions, Plaintiff received "already opened, photo copy mail" containing his confidential information, such as his unredacted social security number, from prison officials.[3] [Id.]. Plaintiff believes that another inmate received one of Plaintiff's letters from the I.R.S. containing Plaintiff's confidential information and it was fraudulently used to steal Plaintiff's EIPs. [Id. at 11-12].

Plaintiff purports to state claims against the I.R.S. based on the knowing and/or negligent violations of Tax Code and violations of the Federal Tort Claims Act (FTCA). [Id. at 14-15]. Plaintiff alleges that he still suffers "injuries by his identity being used freely, and no investigation by the I.R.S. is being attempted or executed." [Id. at 12]. Plaintiff also alleges that he has suffered "an invasion of a Legally Protected Interest" through the "reckless negligent actions" of the I.R.S. and has been unable to purchase hygiene items, essential vitamins, and nutritious food from the prison store. [Id. at 9-10].

Plaintiff seeks injunctive relief "against the I.R.S. to exercise reasonable diligence to" (1) prohibit disclosure of "confidential tax return information," including social security numbers; (2) investigate Plaintiff's "fraudulent identity theft case/re-open case;" and (3) acknowledge that Plaintiff, residing at Alexander, is "the authorized recipient" of the EIPs "and NOT any other UNAUTHORIZED Addresses." [Id. at 16].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or]

---

[3] The Court notes that Plaintiff submitted 93 pages of exhibits with his Complaint, most of which are correspondence from the I.R.S. and none of which contain Plaintiff's unredacted social security number. [See Doc. 1-1].

3

fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

Plaintiff alleges that this Court has jurisdiction over this action, which he purports to bring against the ambiguously named Defendant "United States of America Internal Revenue Service," under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. [Doc. 1 at 1]. Title 28, Section 1346(a)(1) gives the district courts original jurisdiction over actions against the United States for erroneously or illegally assessed or collected internal-revenue taxes or penalties. 28 U.S.C. § 1346(a)(1). Title 26, Section 7422 requires that a claim for a refund be duly filed with the I.R.S. before a suit may be maintained for recovery of such a tax or penalty. 26 U.S.C. § 7422(a).

Even if Plaintiff had properly named the United States as a Defendant, Plaintiff's action does not seek an internal-revenue tax or penalty was erroneously assessed or collected against him or a tax refund. That is, Plaintiff alleges that the I.R.S. mailed his EIPs to the incorrect address

4

and failed to fully or properly investigate the missing EIPs or the alleged related identity theft. Moreover, to the extent Plaintiff's alleged circumstances can be construed to fall within the ambit of § 1346(a)(1), he does not seek to recoup any money in any event.

Plaintiff's claim also fails when considered under the FTCA. The FTCA waives the United States' sovereign immunity for monetary claims brought by individuals injured by certain tortious conduct of federal employees. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1). It "was designed primarily to remove the sovereign immunity of the United States from suits in tort." Levin v. United States, 568 U.S. 503, 506 (2013) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)). To that end, the statute permits a plaintiff to bring a tort claim for "money damages" against the United States "in accordance with the law of the place where the [alleged tortious] act … occurred." 28 U.S.C. § 1346(b)(1). In addition to other potential impediments to relief under the FTCA, Plaintiff here does not state a claim for money damages.

Plaintiff's Complaint, rather, is in the nature of an action for writ of mandamus asking this Court to order the I.R.S. to perform various functions.[4] See Knuckles El-Bey v. United States, No. 1:08CV151, 2008 WL 3500282, at *4 (M.D.N.C. Aug. 11, 2008). The Mandamus Act gives district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is intended to provide a remedy for a petitioner "only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Mandamus is an "extraordinary remedy" and should only be issued if there is a "clear abuse of discretion" or "usurpation of the judicial power." Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296-308-09 (1989). A federal court will entertain a

---

[4] In this regard, the proper Defendant would be the I.R.S. or the responsible I.R.S. employee or officer, and not the United States. See, e.g., Estate of Michael ex rel. Michael v. Lullo, 173 F.3d 503 (4th Cir. 1999).

petition for writ of mandamus only when "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." In re First Fed. Sav. & Loan Ass'n of Durham, 860 F.2d 135, 138 (4th Cir. 1988). As the Fourth Circuit has explained, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." Cent. S.C. Chapter, Soc. of Pro. Journalists, 551 F.2d 559, 562 (4th Cir. 1977). Instead, mandamus will issue "only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action but must require it; the duty must be clear and indisputable." Id. Even if a petitioner satisfies all three elements, whether the extraordinary remedy of mandamus should issue remains discretionary. Lullo, 173 F.3d at 512-13.

Plaintiff has not met these stringent requirements here. Plaintiff has failed to allege a clear and compelling duty to act, a clear right to the relief sought, or that no other adequate remedy is available. Moreover, Plaintiff asks the Court to order the I.R.S. to investigate Plaintiff's "Fraudulent Identity Theft Case/Re-open case." [Doc. 1 at 16]. Mandamus, therefore, could not be used to compel the performance of this discretionary act in any event. Journalists, 551 F.2d at 562. While Plaintiff is rightfully frustrated with the situation presented, the Court cannot grant this extraordinary writ under these circumstances.

Because Plaintiff has failed to state a claim upon which relief may be granted here, the Court will dismiss his Complaint. The Court will, however, allow Plaintiff the opportunity to amend his Complaint in accordance with the Court's Order.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial

review.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is hereby **DISMISSED** and that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS SO ORDERED**.

Signed: January 31, 2024

Frank D. Whitney
United States District Judge