UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00204-FDW

| WENDELL J. LE MAITRE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 9], see 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.  BACKGROUND**

Pro se Plaintiff Wendell J. Le Maitre ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On December 15, 2023, he filed this action against the "United States of America Internal Revenue Service." [Doc. 1]. Plaintiff alleged as follows. The Coronavirus Aid, Relief, and Economic Act ("CARES Act") created a $1,200.00 tax credit authorized for distribution as an "Advance Refund"[1] of tax liability to eligible individuals. The Consolidated Appropriations Act of 2021 (the "CAA") and the American Rescue Plan Act ("ARPA") later authorized additional "Advance Refund" payments of $600.00 and $1,400.00.

---

[1] Plaintiff uses the terms Advance Refund, Advance Payment, and Economic Impact Payment (EIP) interchangeably in his Complaint.

[Doc. 1 at 2-3]. Although Plaintiff was eligible to receive these Advance Refunds and filed the appropriate I.R.S. 1040 Forms, he did not receive them. [Id. at 3]. Beginning around May of 2021, Plaintiff began sending letters to various I.R.S. offices regarding his missing Advance Refunds. [Id. at 4]. On or around May 2022, Plaintiff sent two Taxpayer Statement Regarding Refund 3911 Forms regarding the missing Advance Refunds. [Id. at 5]. In June 2022, the I.R.S. sent Plaintiff a Verification Form, which Plaintiff completed and faxed back to the I.R.S. [Id. at 4-5]. On August 30, 2022, the I.R.S. responded, indicating that it had sent Plaintiff both Advance Refunds, one on July 30, 2021 for $1,814.56 and the other on August 6, 2021 for $1,400.00. [Id. at 4]. Plaintiff immediately responded to the I.R.S., informing them he had not received either check. [Id.].

On April 12, 2023, Plaintiff received a letter from the I.R.S. indicating that it had matched the signature from Plaintiff's 3911 Form to the signature on one or both of the Advance Refund checks and closed Plaintiff's case "due to that False allegations of [Plaintiff] receiving and merely signed the Checks." [Id. at 5]. Plaintiff, however, never received the checks and never signed them. Moreover, pursuant to North Carolina Department of Adult Corrections policy, any checks received by inmates must be deposited in their prison trust fund accounts. [Id. at 6]. Plaintiff saw a copy of the $1,814.56 check and observed that the signature thereon was not his and that the address to which it was sent was an unknown and unauthorized address in Charlotte, North Carolina. [Id. at 7-8]. Plaintiff seeks to obtain a Form 14039 Identity Theft Affidavit to submit to the I.R.S. but has been unable to obtain one from friends or family and the I.R.S. refuses to send him one. [Id. at 8]. Plaintiff has "exhausted every Administrative Remedy, even continued to do so after the I.R.S. merely [*sic*] CLOSED the case[.]" [Id. at 9; see id. at 12-13].

On multiple occasions between May 2021 and 2023, prison officials "mistakenly or intentionally" handed Plaintiff's mail from the I.R.S. to offenders housed in cells next to Plaintiff's and, as such, Plaintiff's "confidential information," including his social security number, was disclosed to these offenders. [Id. at 11]. On multiple other occasions, Plaintiff received "already opened, photo copy mail" containing his confidential information, such as his unredacted social security number, from prison officials.[2] [Id.]. Plaintiff believes that another inmate received one of Plaintiff's letters from the I.R.S. containing Plaintiff's confidential information and it was fraudulently used to steal Plaintiff's EIPs. [Id. at 11-12].

Plaintiff purported to state claims against the I.R.S. based on the knowing and/or negligent violations of Tax Code and violations of the Federal Tort Claims Act (FTCA). [Id. at 14-15]. Plaintiff alleged that he still suffers "injuries by his identity being used freely, and no investigation by the I.R.S. is being attempted or executed." [Id. at 12]. Plaintiff also alleged that he has suffered "an invasion of a Legally Protected Interest" through the "reckless negligent actions" of the I.R.S. and has been unable to purchase hygiene items, essential vitamins, and nutritious food from the prison store. [Id. at 9-10]. Plaintiff sought injunctive relief "against the I.R.S. to exercise reasonable diligence to" (1) prohibit disclosure of "confidential tax return information," including social security numbers; (2) investigate Plaintiff's "fraudulent identity theft case/re-open case;" and (3) acknowledge that Plaintiff, residing at Alexander, is "the authorized recipient" of the EIPs "and NOT any other UNAUTHORIZED Addresses." [Id. at 16].

Plaintiff's Complaint failed initial review for his failure to state a claim under 28 U.S.C. §

---

[2] The Court notes that Plaintiff submitted 93 pages of exhibits with his Complaint, most of which are correspondence from the I.R.S. and none of which contain Plaintiff's unredacted social security number. [See Doc. 1-1].

3

1346(a)(1), 26 U.S.C. § 7422, or the FTCA. [Doc. 8 at 4-5]. The Court found that Plaintiff's action was more in the nature of an action for writ of mandamus asking the Court to order the I.R.S. to perform various functions. [Id. at 5]. The Court noted that:

> The Mandamus Act gives district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is intended to provide a remedy for a petitioner "only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). Mandamus is an "extraordinary remedy" and should only be issued if there is a "clear abuse of discretion" or "usurpation of the judicial power." Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296-308-09 (1989). A federal court will entertain a petition for writ of mandamus only when "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." In re First Fed. Sav. & Loan Ass'n of Durham, 860 F.2d 135, 138 (4th Cir. 1988). As the Fourth Circuit has explained, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." Cent. S.C. Chapter, Soc. of Pro. Journalists, 551 F.2d 559, 562 (4th Cir. 1977). Instead, mandamus will issue "only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." Id. Even if a petitioner satisfies all three elements, whether the extraordinary remedy of mandamus should issue remains discretionary. Lullo, 173 F.3d at 512-13.

[Id. at 5-6]. The Court held that Plaintiff failed to meet "these stringent requirements." [Id. at 6]. The Court also noted that Plaintiff asks the Court to order the I.R.S. to investigate and reopen Plaintiff's "Fraudulent Identity Theft Case" and that mandamus cannot be used to compel a discretionary act in any event. [Id. (citation omitted)]. The Court allowed Plaintiff 30 days to amend his Complaint in accordance with the Court's Order. [Id.]. Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 9].

In his Amended Complaint, Plaintiff names the United States of America as the only

Defendant in the case caption, but names only the Internal Revenue Service, "Department of Treasury (Secretary)," and "Financial Management Service" as Defendants in the body of the Complaint.³ [Id. at 1-2]. Plaintiff largely summarizes his original allegations and repeating them here is unnecessary. [See id. at 2-6]. Plaintiff purports to challenge the "Defendants Internal Revenue Service's Department of Treasury, and the Financial Management Service Policy Practice of disregarding the Internal Revenue CODE for Tax." [Id. at 7]. Plaintiff specifically asserts that Internal Revenue Code 31 U.S.C. § 3343 "was clearly disregarded upon the Plaintiff Filing his Claim [under] 26 USC 7422 with the United States for Refund due to Fraudulent actions[.]" [Id.]. For relief, Plaintiff purports to "challenge" Defendants' practice "in regards to not being reissued the two $1,800, and $1,400 checks." [Id. at 8].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

---

³ The Defendants not appearing in the case caption are subject to dismissal on this ground alone. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity.").

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Amended Complaint fails initial review. Plaintiff has failed to correct the deficiencies identified by the Court on initial review of his original Complaint, which the Court declines to rehash here. The Court does note that Plaintiff fails to seek any actual relief in his Amended Complaint and only purports to "challenge" that he was not reissued the EIP checks he claims were fraudulently cashed. To the extent Plaintiff wants the Court to order the I.R.S. to perform some function, he has again failed to satisfy the stringent requirements for mandamus relief, and the Court would decline to exercise its discretion to order such relief in any event.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise failed to properly state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 9] fails initial review under 28 U.S.C. §§ 1915(e) and 1915A, and this action is **DISMISSED with prejudice** in accordance with the terms of this Order for Plaintiff's failure to state a claim for

relief.

        The Clerk is respectfully instructed to terminate this action.

        **IT IS SO ORDERED**.

        Signed: March 13, 2024

Frank D. Whitney  
United States District Judge